UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA J. KELLY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 4:24-cv-01189-SEP |
| ) | |
| DePUY SPINE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion to Remand and for Reasonable Fees and Costs. Doc. [17]. For the reasons set forth below, remand is granted and fees and costs are denied. All other pending motions are denied as moot.

### FACTS AND BACKGROUND

On July 26, 2024, Plaintiffs Barbara J. Kelly and Daniel B. Kelly filed this action in the Circuit Court of the Twenty-Second Judicial Circuit, St. Louis, Missouri, against Defendants DePuy Spine LLC; Medical Device Business Services, Inc. (f/k/a DePuy Orthopaedics, Inc., DePuy Orthopedics, Inc., and DePuy Inc.); DePuy Synthes Sales, Inc., (d/b/a/ DePuy Synthes Spine and Depuy Synthes); Johnson & Johnson; and Joel Gentile. Doc [7]. Plaintiffs bring claims for negligence and strict liability, breach of express and implied warranty, unjust enrichment, and loss of consortium, all arising from the implantation of certain DePuy devices during six separate surgeries performed on Plaintiff Barbara Kelly. *Id*. ¶¶ 111, 123, 127, 128, 145, 146, 149. The Court assumes the allegations in the Complaint are true for purposes of evaluating the motion to remand. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) ("[T]he district court should resolve all facts and ambiguities . . . in the plaintiff's favor.").

Plaintiffs allege that the devices failed to perform as intended, "br[eaking] apart" and deforming multiple times, necessitating revisions and corrective surgeries which resulted in Plaintiff Barbara Kelly's injuries, including impaired mobility, chronic pain, severe traumatic brain injury, lower extremity weakness, difficulty swallowing, fibromyalgia, and "emotional disorder." Doc. [7] ¶¶ 163-167, 176. Plaintiffs further allege that Defendant Gentile, a DePuy medical device sales representative, consultant, and team lead, made the medical devices available to Plaintiff Barbara Kelly's surgeon, and gave materials and "medical advice" to

Plaintiff's surgeon which "established the medical basis for the physicians to decide which DePuy Spinal device to implant" in Plaintiff. *Id*. ¶¶ 6, 8, 12-13.

Defendants filed a timely notice of removal, invoking diversity jurisdiction. Doc. [1] at 5. Defendants assert that the amount in controversy exceeds $75,000; that Plaintiffs are citizens of Ohio; DePuy Spine, LLC,[1] and Medical Device Business Services, Inc. are citizens of Indiana; DePuy Synthes Sales, Inc. is a citizen of Massachusetts; Johnson & Johnson is a citizen of New Jersey; and Joel Gentile is a citizen of Missouri. *Id.* at 5-6. Defendants acknowledge that Gentile's Missouri citizenship would normally prohibit removal under 28 U.S.C. § 1441(b)(2), but they argue that his citizenship should be disregarded because he was fraudulently joined and Plaintiffs have no reasonable basis for asserting claims against him. *Id.* at 6-10.

Plaintiffs timely move to remand this case to state court, arguing that this Court lacks subject matter jurisdiction because their claims against Gentile are colorable. Doc. [17] at 1-2. Plaintiffs also ask this Court to order Defendants to pay the attorneys' fees and costs they incurred as a result of the removal. *Id.* at 2. Defendants oppose the motion to remand, Doc. [20], Plaintiffs have replied, Doc. [25], and the motion is ripe for ruling.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

---

[1] Plaintiffs argue that complete diversity is lacking not only due to Gentile's presence in the case, but also because DePuy Spine, LLC, which is organized and existing under the laws of the State of Ohio, is a citizen of Ohio. *See* Doc. [18] at 9. An LLC's citizenship is determined by the citizenship of each of its members, not by its place of organization. *See E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). The sole member of DePuy Spine is Synthes USA, LLC, and the sole member of Synthes USA, LLC, is DePuy Products, Inc., which is an Indiana corporation with its principal place of business located in Indiana. *See* Doc. [1] at 5-6. Plaintiffs assert that Defendants must be judicially estopped from asserting Indiana citizenship for Defendant DePuy Spine, LLC, because DePuy Spine previously represented to this Court that it was a citizen of Ohio for diversity purposes. Doc. [18] at 11 (citing *Rybar v. DePuy Spine, LLC*, No. 4:16-cv-1579, E.D. Mo). In *Rybar*, DePuy Spine stated that it was "a corporation organized under the laws of the State of Ohio, with its principal place of business in Massachusetts, and therefore, is a citizen of both the State of Ohio and the Commonwealth of Massachusetts for purposes of determining diversity." Defendants candidly admit that they mistakenly evaluated DePuy Spine, LLC's citizenship in that case as though it were a corporation not an LLC. *See* Doc. [20] at 11. And whether Defendant was a citizen of Indiana or Ohio would have made no difference to the court's diversity analysis in *Rybar*. *Id*. The Court will not judicially estop Defendants from correctly asserting DePuy Spine's citizenship in this matter. *See Almoghrabi v. Gojet Airlines, LLC*, 2016 WL 393580, at *6 (E.D. Mo. Feb. 2, 2016) ("Courts should not apply judicial estoppel as a result of "[c]areless or inadvertent disclosures" but only 'as an extraordinary remedy when a party's inconsistent behavior will result in a miscarriage of justice.'").

2

(1994)). A claim may be removed to federal court only if it could have been brought there originally. *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996). For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship, which means that "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Additionally, "[w]hen the action is 'removable solely on the basis of the jurisdiction under [§] 1332(a),' . . . the forum-defendant rule provides that the action 'may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (quoting 28 § 1441(b)(2)).

"The [removing] defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). The federal court must remand the case to state court if it appears the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d at 620.

The doctrine of fraudulent joinder is "an exception to the complete diversity rule." *Id.* (citing 14B WRIGHT & MILLER'S FED. PRAC. & PROC. § 3723, at 788-89 (4th ed. 2009)). "Fraudulent joinder is not easily shown by the defendant or lightly found by the district court." *Vang v. PNC Mortg., Inc.*, 517 F. App'x. 523, 524 (8th Cir. 2013). "[T]o establish fraudulent joinder, the defendant must 'do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion' since 'we do not focus on the artfulness of the plaintiff's pleadings.'" *Block v. Toyota Motor Co.*, 665 F.3d 944, 948 (8th Cir. 2011) (quoting *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011)). Instead, the removing defendant must "prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 980 (quoting *Filla*, 336 F.3d at 810); *see also Halsey v. Townsend Corp. of Ind.*, 20 F.4th 1222, 1226 (8th Cir. 2021) ("A frivolous or illegitimate claim against a non-diverse defendant—a fraudulent joinder—does not prevent removal.").

"Under this standard, 'if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal

3

jurisdiction of the case should be retained.'" *Id.* (quoting *Filla*, 336 F.3d at 810). Conversely, "joinder is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Id.* (quoting *Filla*, 336 F.3d at 811). "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. "[W]here the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply remand the case and leave it for the state courts to decide.'" *Id.* (quoting *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 n.6 (8th Cir. 1977)).

When remanding a case to state court, a district court is authorized to award the plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has instructed that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). But a district court "retain[s] discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.*

## DISCUSSION

The issue in this case is whether state law might impose liability on Gentile on the facts alleged. *Filla*, 336 F.3d at 810 ("[T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved."). If any of Plaintiffs' claims against Gentile is colorable, there is no fraudulent joinder, and this Court lacks subject matter jurisdiction. *Id.*

Defendants argue that Plaintiffs' claims against Gentile have no reasonable basis in fact and law because Plaintiffs' allegations against him are conclusory and do not state a claim under the pleading standards in Federal Rules of Civil Procedure 8 and 12(b)(6). Doc. [20] at 2-3, 6. Defendants also argue that Gentile cannot be liable for any of Plaintiffs' claims pursuant to Missouri Revised Statutes Section § 537.762, Missouri's "Innocent Seller" statute. *Id.* at 4. Under the statute, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" so long as "another

4

defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." MO. REV. STAT. § 537.762.

Plaintiffs counter that Defendants have not sufficiently proven that Gentile was fraudulently joined. Docs. [18] at 4; [25] at 2-3. Plaintiffs also argue that Missouri's Innocent Seller statute does not apply in this case. The statute is inapplicable where liability is alleged due to some action a seller took rather than the "seller's mere existence in the stream of commerce," and Plaintiffs maintain that their allegations against Gentile go beyond the mere selling of the products. *Id*. at 6-7.

The argument that Plaintiffs' allegations are too conclusory to state a claim is misplaced. The standard applied on a motion to remand is different, and less demanding, than that applied under Rule 12(b)(6). As explained by the Eighth Circuit, "under the *Filla* standard the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved," and "in contrast, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Junk v. Terminix Intern. Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (citation modified); *see also Patterson v. Rayo Logistics Inc.,* 2024 WL 4103636, at *3 (E.D. Mo. Sept. 6, 2024) (to defeat fraudulent joinder challenge, a plaintiff "is not required to . . . meet the pleading standards under Rule 12(b)(6) to assert a colorable claim."). Thus, the question is not whether Plaintiffs' claim would survive a Rule 12(b)(6) challenge. It is "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. And the Court must "resolve all facts and ambiguities . . . in the plaintiff's favor." *Id.*

Under Missouri law, a negligence claim[2] requires (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) an injury proximately caused by the breach. *See Cleek v. Ameristar Casino Kan. City, LLC,* 47 F.4th 629, 635-36 (8th Cir. 2022) (applying Missouri law). Plaintiffs allege that after Barbara Kelly was injured in a car collision, she underwent multiple spinal surgeries during which DePuy products were implanted, and that the devices failed to perform as intended, "br[eaking] apart" and deforming multiple times,

---

[2] Plaintiffs assert that there is a reasonable basis to believe that state law might impose liability for all of their claims. Doc. [25] at 2-3. Because a reasonable basis for one of those claims undermines this Court's jurisdiction, the Court does not reach the rest. *Filla*, 336 F.3d at 810.

5

necessitating revisions and corrective surgeries which resulted in her injuries, including impaired mobility, chronic pain, severe traumatic brain injury, lower extremity weakness, difficulty swallowing, fibromyalgia, and "emotional disorder." Doc. [7] ¶¶ 110-11, 163-167, 176. Plaintiffs allege that Defendants knew or had reason to know that placing the defective implants on the market without adequate warnings would result in injury, and that Defendants misled the medical community with false, misleading, or incomplete representations about the safety of the devices. Doc. [7] ¶¶ 92, 96. Plaintiffs further allege that Defendant Gentile—a DePuy medical device sales representative, consultant, and team leader—made the devices available to Barbara Kelly's surgeon, "showed the doctors how the products . . . worked," and gave materials and "medical advice" to Plaintiff's surgeon, which "established the medical basis for the physicians to decide which DePuy Spinal device to implant" in Plaintiff. *Id*. ¶¶ 6, 8, 12-13. According to the Complaint, Gentile was "responsible for distributing warnings and materials, including the technique guides and the product brochures that were prepared by Defendant Johnson & Johnson's regulatory team." *Id*. ¶ 14. Plaintiffs finally allege that Barbara Kelly, as a direct and proximate result of Defendants' acts and omissions," suffers from severe and debilitating injuries associated with the implants. *Id*. ¶ 102.

  First, the Court agrees with Plaintiffs that because their allegations against Gentile go further than assigning liability for his mere presence in the stream of commerce, the Missouri Innocent Seller statute does not bar their claims against him. *See, e.g., Feuerborn v. Toyota Sales, U.S.A.,* 2024 WL 4416820, at *4 (E.D. Mo. Oct. 4, 2024) (holding that Missouri dealership was not protected by the Innocent Seller statute and thus not fraudulently joined where plaintiff brought negligence claims against dealership that were not based solely on its status as a seller in the stream of commerce); *Ali v. Trans Lines, Inc.*, 2022 WL 1316357, at *4 (E.D. Mo. May 3, 2022) ("Claims are not barred by the Independent Seller statute where the plaintiff also alleges independent negligence claims."). And, though the Complaint indulges in some vague group pleading against all Defendants, and certain allegations could be characterized as conclusory, the Court is not "focus[ed] on the artfulness of the plaintiff's pleadings" or determining whether the Complaint should be dismissed pursuant to Rule 12(b)(6). *Block v. Toyota Motor Co.*, 665 F.3d 944, 948 (8th Cir. 2011). The Court considers only whether "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Filla*, 336 F.3d at 811. Resolving all facts and ambiguities in favor of

6

Plaintiffs, as it must, the Court finds that there is "a reasonable basis for believing Missouri might impose liability against" Gentile based on the facts alleged. *Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007). Therefore, Defendants have failed to meet their burden of showing that Plaintiffs' claims against Gentile have "no reasonable basis in fact and law." *Filla*, 336 F.3d at 810. Defendants' fraudulent joinder challenge therefore fails, and the Court grants Plaintiffs' motion to remand.

Plaintiffs have requested that this Court award attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). Although Defendants have not met their burden of establishing federal jurisdiction, the Court cannot find that Defendants lacked any reasonable basis for seeking removal. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (an award of costs and fees is appropriate where the removing party "lacked an objectively reasonable basis for seeking removal"). Plaintiffs' request for attorneys' fees is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand, Doc. [17], is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis City, Missouri.

**IT IS FURTHER ORDERED** that Plaintiffs' request for attorneys' fees is **DENIED**.

**IT IS FINALLY ORDERED** all other pending motions are **DENIED as moot** in light of the Court's lack of jurisdiction.

A separate Order of Remand will accompany this Memorandum and Order.

Dated this 30th day of September, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE